CENTER FOR DISABILITY ACCESS
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Michael Lopez,**<br><br>   Plaintiffs,<br><br> v.<br><br>**Guggenheim Baseball Management GP, LLC,** a Delaware Limited Liability Company; **Levy Premium Foodservice Limited Partnership**, an Illinois Limited Partnership; **Levy GP Corporation**, an Illinois Corporation; and Does 1-10,<br><br>   Defendants. | **Case No**.<br><br>**Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act; California Disabled Persons Act; Negligence |

Plaintiff Michael Lopez complains of Defendants Guggenheim Baseball Management GP, LLC, a Delaware Limited Liability Company; Levy Premium Foodservice Limited Partnership, an Illinois Limited Partnership; Levy GP Corporation, an Illinois Corporation; and Does 1-10 ("Defendants") and alleges as follows:

**PARTIES:**

1. Plaintiff Michael Lopez is a California resident with physical

Complaint

1  disabilities. He is a paraplegic who uses a wheelchair for mobility.

2  2.  Defendants are, or were at the time of the incidents, the real property owners, business operators, lessors and/or lessees for Dodger Stadium ("Stadium") located at or about 1000 Elysian Park Avenue, Los Angeles, California.

3.  Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

4.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

5.  Pursuant to pendant jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, and the California Disabled Persons Act, which acts expressly incorporate the Americans with Disabilities Act.

6.  Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

Complaint

...

**FACTUAL ALLEGATIONS:**

7. Plaintiff went to the Stadium at least 20 times from April 2014 to September 2014. Plaintiff is a mini-plan holder for Los Angeles Dodgers' baseball games.

8. The Stadium is a facility open to the public, a place of public accommodation, and a business establishment.

9. Transaction counters are one of the facilities, privileges and advantages offered by defendants to their customers at the Stadium.

10. Unfortunately, the Stadium is not accessible because many of the counters at the Stadium are too high for plaintiffs to use. Many of the transaction counters are between 40 inches and 45 inches in height. While there are some lowered counters in various parts of the Stadium, there were no lowered counters near many of the concession stands that plaintiff wanted to use.

11. Additionally, many of the self-service counters where condiments are located are not accessible to plaintiff. There is sufficient clear floor space to permit a parallel approach by wheelchair users. However, wheelchair users are required to do a side reach over obstruction (counters) that are approximately 40 inches to 45 inches in height and, therefore, higher than the maximum 34 inches permitted by law. Because these counters are not accessible, plaintiff is forced to travel to other condiment counters that are low enough to use. Often, these accessible counters are not near where the concessions were originally purchased. This caused frustration and difficulty for plaintiff.

12. The path of travel leading down to the field section, where the ballplayers sign autographs near the railing, is inaccessible to plaintiff because a person is required to navigate steps for which there is no ramp. Plaintiff would like to gain access to ballplayers just like the rest of the fans at

Complaint

the Stadium. Unfortunately, because of the lack of access to the field level seats near the front row, plaintiff is unable to do that.

13. The plaintiff personally encountered these problems. These inaccessible conditions denied the plaintiff full and equal access and caused them difficulty and frustration.

14. Plaintiff would like to return to the Stadium but will be deterred from doing so until defendants remove all of the barriers that exist. In fact, Plaintiff would like to become a regular season ticket holder but he is dissuaded from doing so until the facilities are brought into compliance with the law.

15. Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the defendants intended any other configuration, they had the means and ability to make the change.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of plaintiffs and against all defendants (42 U.S.C. section 12101, et seq.)

16. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

17. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

18. There must be an accessible path of travel that connects all buildings, elements and spaces on the same site. 1991 Standards § 4.3.2. To be considered an accessible route, there cannot be a stair or step. 1991 Standards § 4.3.8. Any such change in level measuring greater than ½ inch must have a ramp or lift. *Id.*

19. Here, the unramped steps leading from the top of the field level seats to the railing near the field are a violation of the ADA. Plaintiff is unable to get near the ballplayers who give autographs near the railing in the field-level area.

20. In areas used for transactions where counters have cash registers and

Complaint

are provided for sales or distribution of goods or services to the public, at least one of each type shall have a portion of the counter which is at least 36 in in length with a maximum height of 36 in above the floor. 1991 Standards § 7.2(1); 2010 Standards § 904.

21. Here, many of the transaction counters around the Stadium are not accessible to plaintiff because they exceed 36 inches in height. There are no lowered sections for use by persons with disabilities.

22. Where there are self-service shelves and dispensing devices for food and beverages, at least 50% of them (and in some cases all of them) must comply with certain height and reach requirements. 1991 Standards § 5.5 and 5.6. Where the clear floor space allows parallel approach by a person in a wheelchair but the reach is over an obstruction, the maximum height of the obstruction cannot exceed 34 inches. 1991 Standards § 4.2.6 & Fig. 6(c). 2010 Standards § 308.3.2.

23. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

24. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of plaintiffs and against all defendants) (Cal Civ § 51-53)

25. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

26. Because the defendants violated the plaintiff's rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Civ.

Complaint

Code § 51(f), 52(a).)

27. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**III. THIRD CAUSE OF ACTION: VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT** (On behalf of plaintiffs and against all defendants) (Cal Civ.§ 54-54.8)

28. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

29. Because the defendants violated the plaintiff's rights under the ADA, they also violated the Disabled Persons Act and are liable for damages. (Civ. Code § 54.1(d), 54.3(a).)

30. Because the violation of the Disabled Persons Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**IV. FOURTH CAUSE OF ACTION: NEGLIGENCE** (On behalf of plaintiff and against all defendants)

31. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

32. The Defendants had a general duty and a duty arising under the Americans with Disabilities Act and the Unruh Civil Rights Act and California Disabled Persons Act to provide safe, convenient, and accessible

Complaint

facilities to the plaintiff. Their breach of this duty, as alleged in the preceding paragraphs, has caused injury and damage as alleged above.

**PRAYER**:

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act and/or the California Disabled Persons Act which damages provide for actual damages and a statutory minimum of $4,000. Note: a plaintiff cannot recover under both acts, simultaneously, and an election will be made prior to or at trial.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code §§ 52 and 54.3.

Dated: October 31, 2014          CENTER FOR DISABILITY ACCESS

By: _____
Mark Potter, Esq.
Attorneys for Plaintiffs